IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

UNITED STATES OF AMERICA,

vs.  Case Nos.:  1:09cr7/MP/GRJ
     1:16cv185/MP/GRJ

JOHN EDDIE PATTERSON,
    Defendant.

___

# REPORT AND RECOMMENDATION

This matter is before the court upon Petitioner's "Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a person in Federal Custody."  (ECF No. 37.)   After reviewing the record, the court concludes that the motion should be summarily dismissed because "it plainly appears from the face of the motion and any attached exhibits and the record of prior proceedings that the moving party is not entitled to relief."   Rule 4(b) of the Rules Governing Section 2255 Proceedings.

## BACKGROUND and ANALYSIS

John Eddie Patterson pleaded guilty to a single count of Bank Robbery in July of 2009.   (ECF Nos. 28, 29).   The Presentence Investigation Report reflects that his adjusted offense level would have been 22, but for the application of the Chapter Four Career Offender

Enhancement. (ECF No. 35, PSR ¶¶ 18-24.)   Patterson had multiple prior convictions for offenses including: aggravated assault with intent to commit a felony; assault on a law enforcement officer; burglary of a dwelling and grand theft of a firearm; burglary and grand theft; escape; resisting a law enforcement officer; robbery; and aggravated assault on a law enforcement officer. (ECF No. 35, PSR ¶¶ 29-31, 34-36, 39, 41.)   Only the latter two offenses were identified as supporting the application of the Chapter Four enhancement. (ECF No. 35, PSR ¶¶ 24, 39, 41.)   As a result of Patterson's classification as a career offender, his total offense level, after the three level adjustment for acceptance of responsibility, was 29, instead of 19. (ECF No. 35, PSR ¶¶ 23-26.) The court sentenced him to a term of 188 months imprisonment, and he did not appeal. (ECF No. 33, 34.)

   Petitioner now claims that he is entitled to sentencing relief in light of the Supreme Court's decision in <u>Johnson v. United States</u>, 135 S.Ct. 2551 (2015), which invalidated the so-called "residual clause" of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e).   Title 18 U.S.C. § 924(e), the Armed Career Criminal Act ("ACCA"), provides that a person who has three previous convictions for a violent felony, a serious drug offense, or both is subject to a mandatory minimum fifteen year sentence.

Case Nos.: 1:09cr7/MP/GRJ; 1:16cv185/MP/CAS

18 U.S.C. § 924(e)(1). The statutory definition of a violent felony under ACCA is an offense that either "(i) has as an element the use, attempted use, or threatened use of physical force against the person of another or (ii) is burglary, arson, or extortion, involves the use of explosives *or otherwise involves conduct that presents a serious potential risk of physical injury to another.*" 18 U.S.C. § 924(e)(2)(B)(i) and (ii). The Supreme Court ruled in Johnson that the italicized language, known as the "residual clause," violates the Constitution's guarantee of Due Process due to vagueness. Johnson, 135 S.Ct. at 2563. The Court recently held that Johnson applies retroactively on collateral review. Welch v. United States, 136 S.Ct. 1257 (2016).

Section § 4B1.2(a) of the Sentencing Guidelines, which defines "crime of violence," is identical to the language of the ACCA. Petitioner argues that because of this, Johnson is equally applicable to the guidelines, and his Chapter Four enhancement is invalid. Petitioner's contention that in light of Johnson his sentence now violates due process is both foreclosed by current circuit precedent and factually mistaken.

First, the Eleventh Circuit has held that the Supreme Court's decision in Johnson does not apply to challenges to sentence enhancements based

Case Nos.: 1:09cr7/MP/GRJ; 1:16cv185/MP/CAS

on the United States Sentencing Guidelines, and that individual sentencing guidelines cannot be unconstitutionally vague. United States v. Matchett, 802 F.3d 1185, 1194–96 (11th Cir. 2015); *see also* Beckles v. United States, 616 Fed. App'x. 415, 416 (11th Cir. 2015) ("Johnson says and decided nothing about career-offender enhancements under the Sentencing Guidelines."); *but see* In re Robinson, Case 16-11304-D; 2016 WL 1583616, at *2, n.2 (11th Cir. Apr. 19, 2016) (noting that all ten of the other courts of appeal have either held or assumed that Matchett was incorrect and have applied Johnson to guidelines adjustments).  Because this court is bound by Eleventh Circuit precedent, until Matchett is overturned, a challenge to the application of the § 4B1.1 career offender enhancement based on the use of the "residual clause" of guideline § 4B1.2 must fail.

Even assuming for sake of argument that Matchett were vacated or overturned, Petitioner still would not be entitled to relief because the residual clause of the career offender guideline did not control the application of the enhancement in his case.  Application of the Chapter Four enhancement requires "at least two prior felony convictions of either a crime of violence or a controlled substance offense." U.S.S.G. § 4B1.1(a).

Case Nos.: 1:09cr7/MP/GRJ; 1:16cv185/MP/CAS

The definition of a crime of violence contained in U.S.S.G. § 4B1.2, contains an "elements clause" and a list of enumerated offenses with a residual clause identical to the clause disapproved in Johnson. Petitioner's claim that the two offenses that were used to support the application of the career offender enhancement qualified only under the residual clause is mistaken. Both aggravated assault and robbery are specifically identified as crimes of violence in Application Note 1 to § 4B1.2. Additionally, these two offenses also meet the requirements of the elements clause. That is, they had "as an element, the use, attempted use, or threatened use of physical force against the person of another." U.S.S.G. § 4B1.2(a)(1).

With respect to the crime of "Aggravated Assault," section 784.021, Florida Statutes, defines an aggravated assault as "an assault: (a) with a deadly weapon without intent to kill; or (b) with an intent to commit a felony." An "assault" under Florida law is "an intentional, unlawful threat by word or act to do violence to the person of another, coupled with an apparent ability to do so, and doing some act which creates a well-founded fear in such other person that such violence is imminent." § 784.011. Florida Statutes. Thus, "aggravated assault" under Florida law clearly "has

Case Nos.: 1:09cr7/MP/GRJ; 1:16cv185/MP/CAS

as an element the use, attempted use, or threatened use of physical force against the person of another" and qualifies as a crime of violence under the elements clause of § 4B1.2(a)(1). The offense conduct described in the PSR, a high speed chase from law enforcement at speeds in excess of 90 miles per hour, during which Petitioner attempted to strike the vehicles of two deputies supports this conclusion. (ECF No. 35, PSR ¶ 41.)

Petitioner's robbery conviction occurred in the state of Indiana. A person commits robbery under Indiana law when the person "knowingly or intentionally takes property from another person or from the presence of another person: (1) by using or threatening the use of force on any person; or (2) by putting any person in fear." Ind. Code 35-42-5-1. The PSR reflects that the robbery took place when Patterson demanded another man's money at knifepoint. (ECF No. 35 at 39). Thus, this offense, which involved the threatened use of physical force against the person of another, also qualified as a crime of violence under the elements clause of § 4B1.2(a)(2). As such, application of the reasoning in <u>Johnson</u> to the guidelines is of no benefit to Petitioner.

The court also notes that the Sentencing Commission has adopted an amendment to the definition of "crime of violence" contained in U.S.S.G. §

Case Nos.: 1:09cr7/MP/GRJ; 1:16cv185/MP/CAS

4B1.2(a)(2), which appears to be at least partially in response to the disagreement among the Circuits about the application of <u>Johnson</u> to the residual clause contained in the Sentencing Guidelines.  The proposed amendment would eliminate the residual clause and revise the list of specific enumerated offenses qualifying as crimes of violence.[1]  Both robbery and aggravated assault would be specifically listed as crimes of violence within the text of § 4B1.2(2), instead of merely in the application notes.  The effective date of this proposed amendment would be August 1, 2016.  Even if the amendment is ultimately adopted and made retroactive, it also would not impact Petitioner's sentence.

In conclusion, neither <u>Johnson</u> and its progeny, nor the proposed amendment to the Sentencing Guidelines, affords Petitioner relief in this case, and his motion should be summarily denied and dismissed.

CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2255 Proceedings provides that "[t]he district court must issue or deny a certificate of

---

[1]  *See* http://www.ussc.gov/news/press-releases-and-news-advisories/january-8-2016

Case Nos.: 1:09cr7/MP/GRJ; 1:16cv185/MP/CAS

appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)."  A timely notice of appeal must still be filed, even if the court issues a certificate of appealability.  Rule 11(b), § 2255 Rules.

After review of the record, the court finds no substantial showing of the denial of a constitutional right.  § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483–84 (2000) (explaining how to satisfy this showing) (citation omitted).  Therefore, it is also recommended that the court deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue."  If there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Based on the foregoing, it is respectfully **RECOMMENDED**:

1.	The motion to vacate, set aside, or correct sentence (ECF No. 37) should be summarily **DENIED and DISMISSED**.

Case Nos.: 1:09cr7/MP/GRJ; 1:16cv185/MP/CAS

2.  A certificate of appealability should be **DENIED**.

**IN CHAMBERS** at Gainesville, Florida, this 25th day of May, 2016.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636**.

Case Nos.: 1:09cr7/MP/GRJ; 1:16cv185/MP/CAS